IN THE MATTER OF THE ESTATE OF

RAY LEE

MORGAN LEE

Petitioner-Appellant

vs.

BETTY LEE BEGAY

Respondent-Appellee

Decided December 7, 1971

Daniel Deschinny, D.N.A., Window Rock, Arizona, for Petitioner-
Appellant

Golden Eagle, Reynold Harrison, D.N.A., Shiprock, New Mexico,
for Respondent-Appellee

Before KIRK, Chief Justice, BECENTI AND YELLOWHAIR, Associate
Justices

KIRK, Chief Justice

This is an appeal from an order of the Trial Court for the
Shiprock District denying the motion of the appellant for hearing of his
claim on the merits.

Ray Lee, a Navajo who resided near Shiprock within the territorial jurisdiction of the Navajo Tribe, died on the 8th day of July, 1966. Petition for probate was filed in the Trial Court for the Shiprock District on the 21st day of May 1969, by Betty Lee, now Betty Lee Begay, the respondent herein, and the widow of the deceased, showing that Ray Lee at the time of his death was the owner of:

> Land Use Permit No. 189, for the assignment of 9.32 acres of land located 4 miles northwest of Shiprock, New Mexico,

as well as a grazing permit and other property. It further appeared from said petition that the only heirs of the deceased were the above-named widow and five minor children. On the 14th day of August, 1969, a final order was entered by the Trial Court awarding all the property of the deceased to the widow and closing the estate. The record does not show whether the petitioner was notified of the probate proceedings. The petitioner states that he had no notice of it.

In August of 1970, the petitioner filed a motion to reopen the probate proceedings and permit him to make a claim against the estate. This petition was allowed by the Court and thereafter further petitions and motions were filed. Appeal was thereafter filed with the Court on January 22, 1971, and allowed on the second day of March, 1971, and referred to the Trial Court on the question of a right to a new trial. A new trial was denied by the Trial Court on grounds of res adjudicata by an order dated May 14, 1971. A second appeal was made

to this Court on June 17, 1971, alleging as grounds that the deceased made an oral will prior to his death devising the land use permit for the 9.32 acres to the petitioner, and we have accepted the matter for hearing.

1. We hold, first, that the petitioner's right to a hearing on his claim of an oral will is not res adjudicata. If the record showed that the petitioner had notice of the probate proceeding and an opportunity for a hearing before the order was made on August 14, 1969, we would hold that the petitioner had not made his claim in time and would be barred to have any further hearing. In any probate proceeding in which the record shows notice given to heirs and other interested parties either actually or in accordance with the rules of this Court, the final order in the estate will be considered final and res adjudicata and no later claim will be considered.

2. Upon a hearing the merits before this Court and upon evidence duly presented we make the following findings of fact: The deceased and the respondent Betty Lee Begay, were married in 1954 and were the parents of the five children listed in the probate order. The said Betty Lee Begay and these children were his only heirs at the time of his death. The deceased acquired Land Use Permit No. 189 mentioned above in 1952 in his own name and never sold or transferred it. Before the deceased became sick in 1966, he worked in a mine in Colorado and supported his wife and family. He and his family were never separated. In 1966, both deceased and his wife became sick and they built a shack on the 9.32 acre tract with government help allowed

for tuberculosis patients. The wife, Betty Lee Begay did the work but it was done in the name of deceased because he was the head of the family. At about that same time both the deceased and his wife, Betty Lee Begay, went to the hospital, and the deceased's mother, Ben Bitsie Lee, came to take care of the children.

The petitioner, Morgan Lee, came with his mother at that time in 1966 before that time had never used the 9.32 acre tract of land nor lived on it. At a family meeting after the funeral of the deceased when it is the Navajo custom to discuss the deceased's property matters among the family, the petitioner said nothing about his claim that the deceased gave him the land or made an oral will leaving the land to him.

After the order closing the estate in August of 1969, Land Use Permit No. 189 for the 9.32 acres of land was assigned to the defendant, Betty Lee Begay, by the General Superintendent, Bureau of Indian Affairs, as provided by §§ 85 and 87, Title 3, Navajo Tribal Code. Thereafter the petitioner tried to buy the land from the re-spondent but they came to no agreement about it.

There was some evidence that the respondent moved away from the property a short time after the funeral. We believe that this was due to family disagreements between the respondent and her husband's mother and brothers and that it did not show any intention on her part to abandon the land to the petitioner. The petitioner's claim of an oral will is based upon a conversation with the deceased

which is said to have taken place on July 5, 1966, in the presence of their mother, Ben Bitsie Lee, two other brothers and the petitioner. Although their statements generally agree, we do not consider that the statements made are strong enough to prove an actual will of the land to petitioner.

3.    It is the general rule by statute in other courts that a party to an action against an estate will not be permitted to testify to a "transaction with or statement by " the deceased: Arizona Revised Statutes § 12-2251; Kerwin v. Bank of Douglas (1963), 93 Ariz. 269, P.2d 978, 13 ALR3rd 398; 58 Am.Jur. 146, Witnesses, § 214. We hereby adopt this as the rule of the Navajo Courts. Accordingly, we cannot consider any testimony of the petitioner relating to his claim.

4.    The petitioner's claim is based upon an oral will. Because of the dangers of letting so serious a matter as a will depend on oral testimony many courts provide that all wills must be in writing: 57 Am.Jur. 186, Wills, § 220. The Navajo Tribal Code provides:

> "A will shall be deemed to be valid ... if the will was made in accordance with a proved Tribal custom or made in writing and signed by the decedent in the presence of two witnesses who also sign the will."

> Title 8, § 3, Navajo Tribal Code.

It is a well established custom that a Navajo may orally state who shall have his property after his death when all of his immediate family are present and agree and that such a division will be honored after his death. We know of no other custom in this respect. We hold,

therefore, that unless all of the members of his immediate family are present and agree and Navajo cannot make an oral will. Since the wife and children were not present when the deceased made the alleged oral will to the petitioner, we hold it was invalid.

5. Statements have been made in argument in this case that a Land Use Permit as provided by § 87, Title 3, Navajo Tribal Code, is personal property and not an interest in land. Although this is not an interest which may be inherited, the Tribal Code has provided for distribution through the Tribal Courts: See Cohen, Federal Indian Law (1958 edition), P.429; Title 3, § 87, Navajo Tribal Code. Consequently we hold that a land use permit shall be considered an interest in land that many pass by will or inheritance or be sold or assigned all subject to the supervision in the proper case by the Navajo Courts, the Land Boards and the General Superintendent.

For the reasons above stated, the final order in probate of the Trial Court dated August 14, 1969, is hereby affirmed and judgment is hereby entered for the respondent and against the petitioner on the petitioner's claim.

BECENTI, Associate Justice and YELLOWHAIR, Associate Justice, concur.